UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL WINKFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | 12 C 3750 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This suit by Michael Winkfield against the City of Chicago arises from Winkfield's arrest

by Chicago police officers on May 16, 2010. Doc. 9. The complaint brings federal damages

claims under 42 U.S.C. §§ 1983, 1985, and 1986 against the City for arrest without probable

cause, excessive force, failure to intervene to protect him from the violation of his civil rights by

others, and failure to provide him with necessary medical care. Doc. 9 at ¶ 6. The failure-to-

intervene claim rests on the allegation that the arresting officers did not give Winkfield a chance

to lock his door when they arrested him, and that this allowed Angel Taylor, the private

individual who accused him, to enter his apartment and take some of his possessions while he

was in custody. *Id*. at ¶ 10. Winkfield does not provide any factual allegations to support his

claim that the City failed to provide him with needed medical care; he does not even allege that

he needed medical care. Nor does Winkfield allege that the officers who arrested him used more

than the usual amount of force inherent in effecting an arrest. Finally, through a boilerplate

paragraph in his complaint, Winkfield "claims violation of rights that may be protected by the

laws of Illinois." *Id*. at ¶ 14.

Because the court has original jurisdiction over Winkfield's §§ 1983, 1985, and 1986 claims, it has supplemental jurisdiction over any state law claims under 28 U.S.C. § 1367(a). The City has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Doc. 16. The motion is granted, though the dismissal is without prejudice.

As pleaded, Winkfield's federal claims must be dismissed under the doctrine of *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978). The *Monell* doctrine provides that municipalities cannot be held liable under § 1983 for the acts of their officers under a *respondeat superior* theory. *See id.* at 691 ("a municipality cannot be held liable under § 1983 on a *respondeat superior* theory"); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866 (7th Cir. 2013) ("Section 1983 does not create vicarious liability."). The City can "be held liable for the unconstitutional acts of its employees [only if] those acts were part of an official custom or policy." *King v. Kramer*, 680 F.3d 1013, 1020 (7th Cir. 2012); *see also Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) ("The 'official policy' requirement for liability under § 1983 is to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.") (internal quotation marks omitted); *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007) ("Misbehaving employees are responsible for their own conduct, units of local government are responsible only for policies rather than misconduct by their workers.") (internal quotation marks omitted). The *Monell* doctrine applies with equal force to Winkfield's §§ 1985 and 1986 claims. *See Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) ("Small's complaint fails to allege that any official policy caused his injuries; he says only that various individual actors deprived him of his rights. Therefore, under *Monell*, his claims [under § 1983] against all three entities must fail. *Monell* also bars any § 1985 claims against these defendants."); *Luke v.*

*Abbott*, 954 F. Supp. 202, 202 n.1 (C.D. Cal. 1997) (holding that *Monell* applies to § 1986 claims); *Vasquez v. City of Reno*, 461 F. Supp. 1098, 1102 (D. Nev. 1978) (same).

Although the City is the only defendant, Winkfield's allegations are of unconstitutional behavior only by the City's officials—specifically, members of the Chicago Police Department. He does not allege that those officers were acting pursuant to any unconstitutional custom or policy of the City, but merely that they themselves violated the Constitution.  In a nod to *Monell*, the "Complaint for Violation of Constitutional Rights" form that Winkfield used to draft his complaint directs plaintiffs wishing to proceed against a municipal defendant to fill in a blank under "Defendant officer or official acted pursuant to a custom or policy of defendant municipality, county or township, which custom or policy is the following."  Doc. 9 at ¶ 7; *see id*. at ¶ 5 ("As to plaintiff's federal constitutional claims, the municipality, township or county is a defendant only if custom or policy allegations are made at paragraph 7 below.").  Winkfield filled in that blank with: "Officer alleged me of battery for hitting Angel Taylor son.  Quote I didn't touch her kids.  Also Officer neglect while didn't let me lock my doors."  *Id*. at ¶ 7. Whether or not such allegations would suffice to state a claim against the individual arresting officers, they are not policy or custom allegations, and they say nothing about the City's role in the officers' conduct.  Absent policy or custom allegations, *Monell* and its progeny preclude Winkfield from holding the City liable for the officers' allegedly unconstitutional actions.  The court notes also that it has considered any additional allegations in Winkfield's brief opposing dismissal, Doc. 26, as it must do in considering a motion to dismiss, *see Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).  That brief, like the complaint, contains no allegations that the officers who arrested Winkfield were acting pursuant to a policy or custom of the City.

Because *Monell* requires that Winkfield's federal claims be dismissed, the court exercises its discretion under 28 U.S.C. § 1367(c) to relinquish supplemental jurisdiction over any state law claims asserted by the complaint. Section 1367(c)(3) provides that a district court "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "As a general matter, when all federal claims have been dismissed prior to trial, the federal court should relinquish jurisdiction over the remaining pendant state claims." *Williams v. Rodriguez,* 509 F.3d 392, 404 (7th Cir. 2007). This general rule has three exceptions: "when the [refiling] of the state claims is barred by the statute of limitations; where substantial judicial resources have already been expended on the state claims; and when it is clearly apparent how the state claim is to be decided." *Ibid.*

None of these exceptions apply here. Illinois law gives Winkfield one year to refile his state law claims in state court if the applicable limitations period for those claims expired while the case was pending in federal court. *See* 735 ILCS 5/13-217; *Davis v. Cook Cnty.,* 534 F.3d 650, 654 (7th Cir. 2008). Substantial federal judicial resources have not yet been committed to the state law claims. And it is not clearly apparent how the state law claims should be decided. It follows that relinquishing jurisdiction over the state law claims is the appropriate course under § 1367(c)(3). *See RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479-80 (7th Cir. 2012); *Wright v. Associated Ins. Cos.,* 29 F.3d 1244, 1251-53 (7th Cir. 1994).

For these reasons, Winkfield's lawsuit is dismissed. The dismissal is without prejudice, and Winkfield is given until May 28, 2013 to file an amended complaint that seeks to replead his claims against the City. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to replead] when justice so requires."); *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013)

("When a complaint fails to state a claim for relief, the plaintiff should ordinarily be given an opportunity, at least upon request, to amend the complaint to correct the problem if possible."); *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) ("As a general matter, Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint or other pleading.").  Winkfield also may attempt to cure the deficiencies in his original complaint by adding as defendants the individual officers who allegedly violated his constitutional rights, thereby avoiding the *Monell* problem discussed above.  The court expresses no view at this time on whether the applicable statute of limitations has run on any federal claims against the individual officers or, if it has run, on whether the amendment of the complaint to add those officers as new defendants would relate back to the date that the original complaint was filed.  *See Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 559-60 (7th Cir. 2011) (discussing the applicable law).  And if Winkfield attempts to replead his federal claims against the City or the individual officers, he also may seek to replead any state law claims he might have.

April 29, 2013

United States District Judge